UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C<small>HUDUKI</small> W<small>OMACK</small>, #458771,

   Plaintiff,          Hon. Janet T. Neff

v.                Case No. 1:20-cv-78

J<small>OHN</small> D<small>AVIDS</small>, et al.,

   Defendants.

_____/

**REPORT AND RECOMMENDATION**

  This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 15).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

**BACKGROUND**

  Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) where the events giving rise to this action occurred.   Plaintiff initiated this action on January 30, 2020, against several ICF employees: (1) John Davids; (2) Robert Vashaw; (3) Unknown Williamson; (4) Unknown Luther; (5) Unknown Howard; (6) Unknown Kelley; (7) Unknown Davis; and (8) Unknown Bucholtz.   (ECF No. 1).   In his complaint, Plaintiff alleges the following.

-1-

As of October 2019, Plaintiff was housed in segregation. Prior to being released from segregation, Plaintiff warned Defendants that he faced "real danger" if he was returned to the general prison population. Plaintiff's warnings were disregarded, however, and on October 6, 2019, following his release from segregation, Plaintiff was attacked by two other inmates. Plaintiff suffered lacerations and bruises to his face, which required medical treatment. Plaintiff alleges that Defendants violated his Eighth Amendment rights. Defendants move for summary judgment on the ground that Plaintiff has failed to properly exhaust his claims. Plaintiff has failed to respond to the present motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and . . . may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to ▯properly exhaust.▯ The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison▯s requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 provides that a prisoner, prior to submitting a grievance, attempt to resolve the issue with staff, unless prevented by circumstances beyond his or her control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a grievance, but the prisoner must

pursue such through all three steps of the grievance process as detailed in the Policy Directive. MDOC Policy Directive 03.02.130 ¶¶ Q, W, S, DD, HH (Mar. 18, 2019).

Defendants have presented evidence that Plaintiff submitted a single grievance regarding the events described above. (ECF No. 16-2, PageID.105-12). Plaintiff's grievance was rejected at Step I for Plaintiff's failure to attempt to resolve the matter prior to filing a grievance. (*Id.*, PageID.112). This rejection was upheld at Steps II and III. (*Id.*, PageID.108-10).

Plaintiff has been afforded ample time for discovery and to respond to the present motion. (ECF No. 17). Nevertheless, Plaintiff has failed to respond to Defendants' motion or otherwise demonstrate that there exists a genuine dispute whether he properly exhausted his claims against any Defendant. Accordingly, the undersigned finds that Defendants have satisfied their burden and are, therefore, entitled to summary judgment on the ground that Plaintiff failed to properly exhaust his claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment, (ECF No. 15), be granted and Plaintiff's claims against all Defendants be dismissed for failure to properly exhaust administrative remedies. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                        Respectfully submitted,

Date: August 20, 2020                      /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge